LEWIN & COMPANY *vs.* THURBER & COMPANY.

1. Composition under the late bankruptcy system of the United States did not satisfy any debt that was not discharged by a regular discharge granted in the ordinary course of bankruptcy proceedings. Thus, a debt contracted by fraud was not satisfied by such composition; and the creditor, after he had accepted his *pro rata* of the composition fund, could recover the balance of his claim by action.

2. But to maintain the action, the element of fraud would have to be made out with the certainty ordinarily requisite in civil cases. To

raise by evidence a mere suspicion that, in procuring the credit, the debtor misrepresented his solvency, would not cast upon him the *onus* of explaining his representations or vindicating their truth. Fraud must be proved, and suspicion falls short of belief. It is a tendency or inclination to believe, not belief.

Bankrupt. Composition. Fraud. Evidence. Before Judge HILLYER. Fulton Superior Court. April Term, 1878.

Thurber & Company brought complaint against Lewin, doing business under the name of Lewin & Company, for balance, on account, of $846.90. The defendant pleaded the general issue and discharge by composition in bankruptcy.

The only evidence of fraud in the purchase of the goods, the basis of the account sued on, was that of George W. Venable, the credit clerk of plaintiffs. He testified, in substance, as follows:

In the summer of 1875 witness made a sale of goods to defendant, amounting to about $2,500.00, for which he paid cash. Continued to make other sales to him during that year, amounting to $9,721.22. Did not sell goods to him during the entire year of 1876, because he did not pay his bills when they became due. On May 10, 1876, sent a bill on him to an attorney for collection. The amount due was paid, and I declined to extend any further credit. On September 9, 1876, defendant called at plaintiff's store, saw witness at his desk, and inquired of him why he (defendant) could not buy goods from plaintiffs on credit? Witness replied that he could if he (witness) was satisfied that he was responsible and able to pay for what he might purchase. He thereupon stated to witness that he was worth fully $10,000.00 over and above all of his debts and liabilities; that his stock then in his store was worth $10,000.00, and consisted of goods in merchantable order, which would easily sell for that amount; that he had due him in good accounts from $10,000.00 to $15,000.00, and that his whole indebtedness did not amount to $1,500.00. This statement witness entered in a book kept for that purpose, and be-

lieving it to be true, told him that he could have a continuing credit to the extent of $1,000.00 at a time. On the faith of these representations witness sold to him the goods now sued for.

The following facts were not disputed: Defendant filed his petition in bankruptcy on February 24, 1877; meeting of creditors for purpose of composition, was held on March 12th, 1877; a composition was had, the proceedings anterior and posterior thereto all being regular, the plaintiffs being notified, etc.; plaintiffs did not vote for the composition, nor did they participate in any way in the meeting of creditors held in connection therewith.

Subsequently plaintiffs' proportion under the composition was paid to them, and the following receipt given:

"ATLANTA, GA., May 11, 1877.

"*In re A. M. Lewin & Co.*

Received of A. M. Lewin & Co., at the hands of Samuel Weil, $282.30, this being twenty-five per cent. of the amount of our claim against him, and being the amount of the composition carried through by the creditors of said Lewin & Co., under the 43d section of the bankrupt act of the 12th of March, 1877, in office of register Black, in the United States district court for the northern district of Georgia, we not having favored or voted for said composition, and we insisting that our claim is of such a character that said Lewin is not released therefrom by said composition, and the said Lewin insisting that this is a full settlement of our demand against him, by virtue of said composition. (Signed) H. K. THURBER & Co.,

By D. F. & W. R. HAMMOND, Attorneys."

The jury found for the plaintiffs. The defendant moved for a new trial upon the following grounds:

1. Because the court erred in admitting the testimony of Venable as to the statements made to him by the defendant before the goods were bought, as to his solvency, etc., such evidence, under the pleadings and the agreed facts, being irrelevant.

2. Because the court erred in holding that a debt created by the fraud or embezzlement of the bankrupt, was not satisfied by a composition in bankruptcy.

3. Because the court erred in charging that if the jury

Lewin & Company *vs.* Thurber & Company.

believed, from the evidence, that possession of the goods was procured from plaintiffs by the fraud of Lewin, the title to the goods would remain in plaintiffs; that a discharge by composition in bankruptcy would not bar the action.

4. Because the court erred in charging as follows: "If the jury believed, under the evidence and the pleadings, that suspicion was cast upon the truth of defendant's statement as to his solvency, they would have a right to infer that it was untrue, unless the defendant relieved it from that suspicion by evidence explanatory thereof," although the court added that nothing could be inferred against the defendant from the fact that he did not himself go on the stand as a witness to explain it.

5. Because the verdict is without evidence to support it. The motion was overruled, and defendant excepted.

SAMUEL WEIL; McCAY & TRIPPE, for plaintiff in error, cited, on discharge by composition, 11 N. B. Reg., 164; 16 *Ib.*, 205; 12 B. R., 201; 17 *Ib.*, 116; 18 *Ib.*, 74; 5 Reporter, 489; 6 *Ib.*, 491; Cent. L. J., July 5, 1; 3 Southern Law Rev., N. S., 524. Use of word "suspicion" in charge was error. 2 Bouv. L. D., 567; 1 Gr'l'f Ev., §§1, 13.

D. F. & W. R. HAMMOND, for defendants, cited, on effect of composition, Rev. Stats. U. S., §5117; 12 B. R., 201; 17 *Ib.*, 468; 2 Woods, 173; 122 Mass., 498; 5 Reporter, 15; 6 *Ib.*, 204. Effect of false representations, Code, §4587.

BLECKLEY, Justice.

1. Only two of the grounds of the motion for a new trial were insisted upon in the argument—the third and the fourth. On the effect of composition upon a debt contracted by fraud, courts, as the citations by counsel in this case will show, have entertained conflicting views, and made conflicting decisions. We find our own minds agreeing with those rulings which treat composition and ordinary

discharge as equally sparing this class of debts. As composition, no less than ordinary discharge, could take place, under the late bankruptcy system, without the assent and contrary to the will of the defrauded creditor, the reason for leaving the debt unextinguished was as forcible in the one case as in the other. In this particular instance, the other creditors were able to out-vote Thurber & Co:, the defendants in error, and thus the composition was effected in spite of their opposition. We think, that though Thurber & Co. accepted their *pro rata* under the composition, the balance of their debt, if it was in fact contracted by the fraud of the debtor, remained open, and the composition would be no bar to a recovery.

2. But the court was in error in charging the jury that if they believed that suspicion was cast by the evidence on the truth of Lewin's representations as to his solvency, the jury would have a right to infer they were untrue, unless he relieved them from that suspicion by explanatory evidence. The burden of proving fraud was upon the creditors, and they could not discharge that burden by merely raising a suspicion. They had to generate belief, and suspicion falls short of belief—it is but a tendency or inclination to believe.

Judgment reversed.